IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES H. CHAPIN, | § | |
| | § | |
| Plaintiff, | § | Civil Action No._____ |
| | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| MOTOR CONTROLS, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT MOTOR CONTROLS, INC.'S NOTICE OF REMOVAL

Defendant Motor Controls, Inc. ("Defendant" or "Motor Controls") in the above-styled action, hereby files its Notice of Removal by and through the undersigned attorneys of record. Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, the above-captioned action is removed from the 191st Judicial District Court, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and as grounds for such removal, Defendant respectfully states as follows:

## I.
## STATE COURT ACTION

On April 1, 2021, James H. Chapin ("Plaintiff") filed Plaintiff's Original Petition in the 191st Judicial District Court of Dallas County, Texas, styled *James H. Chapin v. Motor Controls, Inc.*; Cause No. DC-21-04149 (the "State Court Action").

In his Original Petition Plaintiff claims that Defendant failed to pay him overtime premium as required by the Fair Labor Standards Act of 1938 ("FLSA"). *See Plaintiff's Original Petition* ¶ 10.

## II.
## PROCEDURAL REQUIREMENTS

Defendant was served with the Original Petition on April 16, 2021. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty (30) days of the receipt of the initial pleading setting forth the claim for relief.

This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. §§ 1441, 1446(a).

Pursuant to 28 U.S.C. § 1446(a) and LR 81 Defendant is attaching a true and correct copy of the entire file or record in the State Court Action, including all process, pleadings, and orders served upon Defendant in this action, attached hereto as Exhibit C.

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give Plaintiff written notice of the filing of this Notice of Removal, and will promptly file a copy of this Notice of Removal with the District Clerk of Dallas County, Texas.

### A.  Federal Question Jurisdiction

This Court has original jurisdiction over this case under the provisions of 28 U.S.C. § 1331, and this matter is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a). As set forth below, a federal question exists in this case, given that Plaintiff has brought forth claims pursuant to the FLSA. Accordingly, removal to this Court is proper.

Plaintiff's claims arise pursuant to the FLSA. "The district courts would in any event have original jurisdiction over FLSA claims under 28 U.S.C. § 1331, as "arising under the Constitution, laws, or treaties of the United States," and § 1337(a), as "arising under any Act of Congress regulating commerce." *Breuer v. Jim's Concrete of Brevard, Inc.* 538 U.S. 691, 694 (2003). The Northern District of Texas permits removal of FLSA cases to federal court. *Shaw v. CF Data Corp.,* No. 3:01-cv-1517-G, 2001 U.S. Dist. LEXIS 16651, at *4 (N.D. Tex. Oct. 15, 2001) (court

followed the majority of courts in allowing removal of FLSA claims to federal court). Because the federal courts have original jurisdiction over Plaintiff's FLSA claims and the Northern District of Texas permits removal of FLSA cases to federal court, Defendant's removal to this Court is proper.

By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including, but not limited to, lack of subject matter jurisdiction, lack of personal jurisdiction, insufficiency of process, insufficiency of service of process, the expiration of any statute of limitations, bar by statute of frauds, or failure by Plaintiff to state any claim upon which relief may be granted.

Along with filing a completed civil cover sheet and a completed supplemental civil cover sheet pursuant to LR 81.1(a)(1-2), pursuant to 28 U.S.C. § 1446(a), and LR 81.1(a)(4)(A-D), Defendant is attaching to this notice of removal a true and correct copy of:

a. An index of all documents that clearly identifies each document and indicates the date the documents was filed in state court, attached hereto as Exhibit A;

b. A copy of the docket sheet in the state court action, attached hereto as Exhibit B;

c. Each document filed in the state court action, attached hereto as Exhibit C; and

d. A separately signed certificate of interested persons that complies with L.R. 3.1(c) or 3.2(e), attached hereto as Exhibit D.

# III.
# PRAYER

Wherefore, Motor Controls, Inc. removes this action from the 191st Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, so that this Court may assume jurisdiction over this case, as provided by law.

Respectfully submitted,

By:  */s/ Buena Vista Lyons*
Buena Vista Lyons
Texas Bar No. 00797630
vlyons@fordharrison.com
Nicole T. Herron
Texas Bar No. 24101907
nherron@fordharrison.com

**FORDHARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas  75201
Telephone:  (214) 256-4700
Facsimile:  (214) 256-4701

**ATTORNEYS FOR DEFENDANT MOTOR CONTROLS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May 2021, a true and accurate copy of the foregoing *Defendant Motor Controls Inc.'s Notice of Removal* was served on the following counsel of record for Plaintiff through the Court's ECF system:

Kerry V. O'Brien
O'Brien Law Firm
1011 Westlake Drive
Austin, Texas 78746
ko@obrienlawpc.com

                                            */s/Buena Vista Lyons*
                                            Buena Vista Lyons